## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION


**WARREN PROPERTIES, INC.**                                                        **PLAINTIFF**


**VS.**                          **CASE NO.  4:07CV00070 JMM**


**FELIX D. TAYLOR**                                                                 **DEFENDANT**


## ORDER

Pending before the Court are defendant's Motion for Leave to Proceed *In Forma Pauperi,*(#1) Motion for Recusal (#8), Motion for Relief (#8);  Motion for Relief Pursuant to Rule 60 (#9), Motion for Order (#9), Motion to Stay (#9), Motion for Writ (#10), Motion for Ruling (#10), and Motion for Order (#10), and plaintiff's Motion to Remand (#19).    For the reasons stated below, the case is remanded back to state court.

On November 7, 2006 defendant removed an Order of Possession from the Circuit Court of Pulaski County pursuant to 28 U.S.C. § 1443 and § 1441, and sought permission from the Court to proceed *in forma pauperis.*[1]    In his Notice of Removal defendant contended that he could not enforce his counterclaims based upon the Americans with  Disabilities Act ("ADA") and 42 U.S.C. § 1983 because the state court failed to make provisions for his being blind.

On December 19, 2006 the Court granted plaintiff's Motion to Remand To State Court and in doing so rejected defendant's arguments.    Defendant appealed the Order of Remand in #4:06CV001601 to the United States Court of Appeals for the Eighth Circuit on December 22, 2006.

---

[1]*Warren Properties, Inc. v. Felix D. Taylor*, # 4:06CV001601 (Ark. E.D 2006).

1

On February 26, 2007, the Court of Appeals for the Eighth Circuit summarily affirmed this Court's December 19, 2006 Judgment and Remand Order in #4:06CV001601.

Defendant's Notice of Removal in the instant case reflects that this is the same case previously remanded to state court in #4:06CV001601.   After remand in #4:06CV001601, the state court held another hearing in January of 2007 regarding the unlawful detainer complaint and issued an order of possession.  The state clerk of the court issued a writ of possession which led to defendant's  removal of  this case for the second time to federal court.   Defendant's second removal is based upon the same grounds as the first with additional allegations that he was discriminated against based upon his race and color.

Based upon the decision by the Court of Appeals and for the reasons previously stated by the Court, plaintiff's Motion to Remand is granted (#19).

The Clerk of the Court is directed to return the case to state court forthwith and not to accept any further Notice of Removal pleadings related to this case from the defendant unless approved by the Court.

IT IS SO ORDERED THIS   5   day of  March , 2007.


James M. Moody
United States District Court